Mr. John Wesley Hall, Jr. Attorney at Law
1311 South Broadway Little Rock, Arkansas 72202-4843
Dear Mr. Hall:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the following popular name and ballot title for a proposed constitutional amendment:
 Popular Name AN AMENDMENT TO LEGALIZE MEDICAL USE OF MARIJUANA Ballot Title A CONSTITUTIONAL AMENDMENT TO LEGALIZE THE MEDICAL USE OF MARIJUANA
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certificationnor rejection of a popular name and ballot title reflects my view ofthe merits of the proposal. This Office has been given no authorityto consider the merits of any measure. *Page 2 
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000);Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensurethat the popular name and ballot title honestly, intelligibly, andfairly set forth the purpose of the proposed amendment. SeeArkansas Women's Political Caucus v. Riviere,283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting *Page 3 
booths when other voters are waiting in line. Bailey v.McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under these guidelines, it is my conclusion that I must reject your proposed popular name and ballot title. The popular name is likely misleading or partisan, and in my view the ballot title is deficient in its failure to fairly or completely summarize the effect of your proposed amendment with respect to changes in current law. Our court has consistently warned that the ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee, supra. I am unable, moreover, to substitute and certify a more suitable and correct ballot title. Even when summarized accurately or verbatim, the true contents of your measure cannot, in my view, be sufficiently conveyed to the voter in a ballot title for this proposed amendment because of ambiguities in the text of the measure.
Both the popular name and ballot title describe the proposal as an amendment to "legalize" the "medical use" of marijuana."[1] I note as an initial matter that this description fails to acknowledge that your proposed measure cannot completely legalize marijuana in Arkansas for medical purposes because the drug remains illegal under federal law, 21 U.S.C. § 801 et seq.
(the Controlled Substances Act). *Page 4 
Gonzales v. Raich, 545 U.S. 1 (2005); United States v.Oakland Cannabis Buyers' Cooperative, 532 U.S. 483 (2001). The upshot of Raich is that the federal government and its agencies have the authority to enforce the federal drug laws, even in a state that has sanctioned the use of marijuana for medicinal purposes.See Note, California Takes a Hit: The Supreme Court UpholdsCongressional Authority over the State-Approved Use of MedicinalMarijuana. Gonzales v. Raich, 545 U.S. 1 (2005), 28 UALR L. Rev. 545, 580 (2006) ("The Raich decision makes it clear that federal authorities can prosecute patients possessing and consuming marijuana for medicinal purposes, irrespective of a state statute authorizing the patients use.") Your ballot title and popular name are misleading by failing to acknowledge that marijuana remains generally prohibited under the Controlled Substances Act.
In addition to this misleading tendency respecting federal law, the popular name and ballot title fail in other respects to give the voter a fair and intelligible idea of the amendment's legal effect. By describing the proposal as an amendment to "legalize" the "medical use" of marijuana, the popular name and ballot title imply that the amendment would legalize use of marijuana for medical purposes. It is unclear as an initial matter whether this is a fair characterization of the measure, given that the text itself simply declares, in section 1, that "[t]he use of medical marijuana is legal in Arkansas," without defining the term "medical marijuana." In my opinion, this term does not have a "general currency among the public" such that it can be assumed most voters will readily understand what it entails. Christian Civic Action Committee,318 Ark. at 248. Additionally, and most importantly, the proposed popular name and ballot title do not disclose what can only be described as an "essential fact which would give the voter serious ground for reflection," Bailey v. McCuen, supra,318 Ark. at 285 — namely, the extent to which the proposed amendment would change existing state laws proscribing manufacturing, delivering, possessing, dispensing or distributing marijuana, and related offenses. A.C.A. § 5-64-101 et seq.
(Repl. 2005 and Supp. 2009). See also Ark. Op. Att'y Gen. 1999-253. The description of the measure as one to "legalize the medical use of marijuana" is wholly inadequate, in my view, to inform the voter of information necessary to making an informed decision in the voting booth. A person reading this ballot title cannot reasonably be expected to understand the scope and significance of changes in current law in this respect. Ambiguity in the text prevents me, however, from substituting any language in a revised ballot title to clarify the matter. I refer to the following: *Page 5 
 • As previously indicated, what qualifies as "medical marijuana" is unclear under your proposed amendment. The reference to "prescription drugs" in Section 2 (n. 1, supra), implies, in a very indirect way, that it is limited to a medical prescription. But this is not entirely clear. It may be that providing, and/or using, marijuana for a medical condition in and of itself constitutes "the use of medical marijuana," in which case self-medication might fall within the activity protected by the amendment. I believe the voters must have a fair understanding of the meaning and effect of the term "medical marijuana," but I cannot clarify this matter in a revised ballot title due to these textual ambiguities.
 • A related ambiguity centers more particularly on the term "use." A question arises regarding the scope of this term, and specifically what particular activities are contemplated by the phrase "the use of medical marijuana." It is unclear, for instance, whether this includes conduct such as the manufacture or delivery of marijuana, and whether it means one's own personal use. Again, given the significance of the subject matter, I believe the ballot title must convey a clear understanding of these issues to the voter. The proposed title fails to do so when it simply states that the amendment will "legalize the medical use of marijuana." This coinage remains vague to the point that a reasonable voter would not perceive the issues involved. However, I am unable to substitute language in a ballot title because of this uncertainty surrounding the phrase "the use of medical marijuana" in the amendment's text.
 • In my opinion, the term "legalize" under your proposed ballot title and popular name is also inadequate to fully apprise the voter of the purpose of the amendment being referred. It is also misleading for the reasons explained above respecting federal law. Again, however, I cannot clarify the meaning and scope of this term in a revised ballot title because the *Page 6 
amendment's text ("the use of medical marijuana is legal," emphasis added) is materially indistinguishable from the proposed title in this respect. I do not know whether the term "legal" means the protected activity or conduct is not an offense under criminal law, whether it means immunity from arrest or prosecution, or whether a defense is provided to certain charges involving marijuana.
 • The amendment charges the General Assembly with a duty to "provide for regulation of medical marijuana" (n. 1, supra). In my opinion, the extent of this regulatory charge must be clearly stated for the voter in the ballot title. The ambiguities noted above prevent me, however, from summarizing this aspect of the amendment in a revised ballot title.
In sum, I believe the court may well conclude that the scope and import of your proposed amendment cannot adequately be conveyed to the voter in a ballot title. I urge you to evaluate the text in light of these concerns. Even when summarized accurately or verbatim, the true contents of your measure cannot, in my view, be sufficiently conveyed to the voter in a ballot title for this proposed amendment because of ambiguities in the text of the measure. I consequently cannot at this time fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these matters. I am therefore unable to substitute and certify a more suitable and correct popular name or ballot title pursuant to A.C.A. § 7-9-107(b).
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.E.g., Finn v. McCuen, supra. Furthermore, the Court has recently *Page 7 
confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] The full text of your proposed amendment is as follows:
 Section 1. The use of medical marijuana is legal in Arkansas.
 Section 2. The general assembly shall provide for regulation of medical marijuana and may only tax as other prescription drugs.
 Section 3. This amendment is effective July 1, 2011.